UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In Re:
   Charlene Suzanne Novak
       Debtor(s).
_____/

## DEBTOR'S CHAPTER 13 PLAN

**I.  GENERAL PROVISIONS:**

     A.  The debtor(s) submit(s) all or such portion of his future income to the control of the Trustee, as is, or may be necessary for the execution of the plan.  The debtor(s), or debtor's employer, shall pay to the Trustee the sum of $298.00 each month to be distributed by the Trustee under the plan.   The applicable commitment period is 36 months.  The Trustee has the right to increase the distribution to the unsecured creditors as a result of the required commitment period.

     B.  Payments to the Trustee shall be made in installments conforming to the debtor's pay periods in such amounts as may be required to provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 USC 507, the present fair market value of all allowed claims, and a dividend to unsecured creditors as set forth below.

     C.  The amount to be distributed on each allowed unsecured claim under the plan shall not be less than the value as of the effective date of the plan of the amount that would be paid on such claim if the estate of the debtor(s) was liquidated under Chapter 7 of the Bankruptcy Code.

     D.  If the plan provides for less than a 100% to unsecured creditors, the debtor(s) agree to pay into the plan for a period of not less than 36 months and agree to pay 100% of any income tax refunds received by the debtor(s) during the first three years of the plan.  The Trustee shall have the discretion to increase the percentage payment to unsecured creditors as a result of the additional payments made under this provision.

     E.  The debtor(s) shall remit such additional sums as may be necessary to complete payment of the plan within 60 months.

     F.  The debtor(s) agree to pay all of their (his/her) disposable income into the plan for a period of not less than 36 months and agree that the Trustee shall have the discretion to increase the percentage payments to unsecured creditors as a result of the additional payments paid into the plan under this provision.

     G.  The Trustee may in the exercise of his duties to assist the debtor in performance under the plan, grant reasonable refunds to the debtor from funds paid to the

Trustee but not distributed to creditors to meet emergency situations which might arise during the plan.

## II. TREATMENT OF CLAIMS

A. PRIORITY CREDITORS: Debtor(s) shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 USC 507.

1. The Trustee shall be paid through the plan the percentage fee for payment of his costs, expenses and compensation as may be provided from time to time by the U.S. Attorney General.

2. The balance of attorney fees in the amount of $2,600.00 plus additional attorney fees as may be allowed, are to be paid from the base of $3374.00 that is referred to in Paragraph II.C. of this Plan. By signing this, Paul certifies that he has received bankruptcy education sponsored by the Federal Bar Association, Bankruptcy Section, Western District of Michigan, as well as other bankruptcy education, during the preceding calendar year.

3. Priority tax claims are to be paid subsequent to secured creditors unless they are property tax claims in which case they are to be paid concurrent with secured creditors. Pro-rata with secured creditors in paragraph B3 below.

B. SECURED CREDITORS:

1. Debtor's principal residence: 4769 Norton Rd, Grawn Michigan 49637. Debtor rents.

2. Other Real Property: 1978 Liberty Manufactured home on lot 15, Block 22, in the Village of Interlochen, Michigan. Debtor is rejecting this Property.

3. Personal Property:

(a) The Debtor(s) agree to provide adequate protection through the Plan to any creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the Debtor(s) for that portion of the obligation that becomes due after the Order for Relief.

(b) Each creditor set forth below shall retain its lien and shall be paid in full unless indicated otherwise. Said creditor shall retain its lien securing such claim until the earlier of:
(i) the payment of the underlying debt determined under nonbankruptcy law; or

2

        (ii) discharge under section 1238.

    (c)  If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law.

    (d)  In addition, interest shall be paid at the contract rate or 6% whichever is lower.  Secured claims shall be paid pro-rata unless a set monthly payment is indicated below.

| CREDITOR | COLLATERAL | OWED |
|---|---|---|
| Citifinancial<br>PO Box 140489<br>Irving TX 75014-0489 | 2003 Jeep Liberty | $11,500.00 |

This debt will be paid in full through the Plan, including interest at 6%, at the rate of $222.00 per month.  Adequate protection payments of $222.00will be paid within 30 days of the filing of this Chapter 13 bankruptcy and monthly thereafter.

4.  The collateral for the following secured claims shall be surrendered to creditors and any deficiency shall be treated as unsecured.

1978 Liberty Manufactured home on lot 15, Block 22, in the Village of Interlochen, Michigan.  Debtor is rejecting this Property.

5.  If a secured creditor obtains relief from stay prior to the completion of the Chapter 13 plan, any deficiency due that secured creditor which remains after the disposition of the collateral shall be paid as an unsecured claim notwithstanding any other provisions of this plan.

C.  GENERAL UNSECURED CREDITORS:  General unsecured creditors are to be paid after dividends to secured and priority creditors.  Allowed general unsecured claims will be satisfied by payment of:   Pro-rata share of the base amount of $3374.00.  As set forth in Paragraph II.A.2. of this Plan, the attorney fees shall be paid out of the base amount.

D.  To the extent that additional administrative claims will cause some unsecured claims to be overpaid, Debtors will increase the base to unsecured accordingly.  The Trustee has no responsibility to pursue unsecured creditors for those claims.

E.  The debtor(s) has made a good faith effort to list all creditors.  In this plan the debtor(s) specifically reserves the right to amend this Chapter 13 plan to include additional creditors who may have been inadvertently omitted.  The Trustee is authorized to pay on a claim even if that claim was not listed in the schedules.  The term "unsecured

**III. EXECUTORY CONTRACTS**

None

**IV. SPECIAL PROVISIONS**

    A. NON-DISCHARGEABLE DEBTS:

        1. Alimony/Child Support. Ongoing payments to the     Friend of the Court shall be paid outside of the plan in the amount of    per month.

        2. Student Loan(s). The sum of    , plus interest at the rate of   %, payable to                    shall be paid in full through the Plan at the rate of     per month.

    B. SPECIAL UNSECURED CLAIMS

        1. The debt co-signed        and owed

        2. NSF checks owed to

        3. Continuing professional services owed to        shall be paid 100% to be disbursed as follows:    % pro-rata with dividends to general unsecured creditors until all unsecured creditors have been paid that percentages or the plan has run 36 months, whichever provides a greater dividend to unsecured creditors. Dividends on the special unsecured claim shall then continue to be paid until the claim is paid 100%.

(signatures cont'd on the following page)

Date:  8-5-2009               /s/ Charlene Novak_____
                              Debtor, Charlene Novak


                              _____
                              Debtor,


Prepared by:
Law Offices of Paul Bare


By: Paul Bare_____
Paul Bare (P26843)
Attorneys for Debtor(s)
1010 S. Garfield Ave., Ste. 300
Traverse City, MI  49686-3434
(231) 946-4901

5